## CONTEMPT—MUNICIPAL CORPORATIONS—PUBLICA-TION.

[Wayne (5th) Court of Appeals, September Term, 1914.]

Voorhees, Shields and Powell, JJ.

MASSILLON ELEC. & GAS CO. v. ORRVILLE (VIL.).

1. **Municipality Having Granted Franchise to Electric Light Company Cannot Construct Municipal Plant Without Purchase or Condemnation of Private Plant.**

   Section 3990 G. C., relating to the erection or purchase by municipalities of gas and electric light works, is not repealed by Art. 18, Sec. 5, of the constitution, providing for the acquirement, construction, owning, leasing and operation by municipalities of public utilities; hence, a municipality having failed to purchase or condemn the property of an electric light company having a franchise from the municipality, cannot issue and sell bonds in anticipation of its construction and operation of a municipal light plant.

2. **Ordinance for Issuing Municipal Light Bonds of General Nature and Publication in One Newspaper Insufficient.**

   Ordinances for the issuing and sale of bonds for a municipal light plant are of a general nature and come within the provisions of Sec. 4227 G. C., which are mandatory and jurisdictional in requiring them to be published in two newspapers of opposite politics; hence, publishing such an ordinance in one newspaper only is insufficient.

3. **Publication of Ordinances by Posting not Evaded by Publication in One Newspaper When Two Newspapers Required.**

   The provision of Sec. 4229 G. C., relating to publication of ordinances, requiring posting of copies, is not limited to municipalities having no newspaper; where the matter is jurisdiction; it cannot be implied that no other publication than one of the two methods mentioned is a compliance with the requirements of the statute.

**4. Perfecting Appeal Suspends Order Dissolving an Injunction.**

Filing an appeal bond and perfecting the appeal suspends the order dissolving an injunction leaving the original injunction in full force.

**5. Advice of City Solicitor not Defense to Municipal Officers Violating Injunctions.**

Municipal officials violating an order enjoining them from certain official acts cannot offer the defense that they acted upon advice of their legal counsel, a city solicitor, such fact may be used in contempt proceedings in mitigation of the violation but not in defense of their violation.

APPEAL.

*Kratsch & Maier, J. B. Taylor* and *T. W. Orr,* for plaintiff.

*Clyde Merchant,* city solicitor, *G. A. Starn* and *F. F. Taggart,* for defendant.

**PER CURIAM.**

These two cases are in this court by appeal from the judgment of the court of common pleas, the plaintiff in each case being the appellant.

In case No. 637, the plaintiff filed its petition alleging that it was the owner of an electric light plant in the village of Orrville, this county, and that the defendant, the village of Orrville, by its duly elected officers, was about to erect a municipal light plant in said village; that certain preliminary legislation had been had by the council of said village authorizing the issuance and sale of bonds and otherwise preparing to construct and operate an electric light plant in said village. A temporary injunction was allowed in the court of common pleas where the cases were heard upon their merits resulting in a dismissal of the petition in each case.

The judgment of this court, which is in favor of the plaintiff in each of said actions, is based upon two distinct grounds:

First, that the provisions of Sec. 3990 G. C. are in full force and effect, not having been repealed by the adoption of the amendments to the constitution, and that the provisions of this section providing for the sale of an electric light plant in villages to the municipality, have not been complied with, and,

Second, that the facts upon which the said village of Orr-

ville would have the right to exercise the jurisdiction claimed do not appear by the record.

It is contended on the part of the defendants, that the provisions of Sec. 3990 G. C. which require that councils of a municipality intending to erect a municipal electric light plant at the expense of the corporation, or purchase any electric light works already erected by any person, company or corporation, to whom a franchise to erect and operate gas works or electric works has been granted, and such franchise has not yet expired, "the council shall, with the consent of the owner or owners, purchase such gas works or electric works already erected therein," "and that if the council and owner or owners of said electric works cannot agree upon the compensation to be paid therefor, the council may file in the probate court of the county where said electric works are located, a petition to appropriate such gas works or electric works, and thereupon the same proceedings shall be had of appropriation as is provided for the appropriation of private property by a municipal corporation, were repealed by the adoption of the recent amendment to the constitution."

\ The petition in case No. 638 contains the necessary averment, that the plaintiff is the owner of said electric light works in the village of Orrville under franchise granted by said village. No defense is made that the franchise has terminated. But it is claimed that the provisions of Sec. 3990, above quoted, are in conflict with the provisions of the amended constitution relating to municipalities and especially in conflict with Art. 18, Sec. 5 of the constitution as amended.

We are of the opinion that there is no conflict between Sec. 5 or Art. 18, nor with any other section of said Art. 18, and the said Sec. 3990; that this section of the statutes is in full force and effect, and that the defendant, the village of Orrville, having failed to either purchase or condemn the property of the plaintiff, its action is without authority of law and the injunction allowed should be made perpetual.

The second ground upon which the court is authorized to render judgment for plaintiff, is that, the ordinances of the vil-

lage of Orrville providing for the issuing of bonds and the sale of the same, were not passed as required by law. We think that these ordinances are ordinances of a general nature and provide for public improvements and that therefore they come within the provisions of Sec. 4227, which provides, among other things: "Ordinances of a general nature or providing for improvements, shall be published as hereinafter provided before going into operation." We think this provision is jurisdictional. That when the council fails to pass such ordinance in the manner prescribed by the statutes, it is without jurisdiction to proceed further with the matter in hand, in this case, the erection of an electric light plant for the village of Orrville. It is provided in Sec. 4226:

"Ordinances and resolutions requiring publication shall be published in two newspapers of opposite politics, published and of general circulation in such municipality, if such there be."

And it is further provided by Sec. 4229:

"Except as otherwise provided in this title, in all municipal corporations the statements, ordinances, resolutions, orders, proclamations, notices and reports required by this title, or the ordinances of a municipality to be published, shall be published in two newspapers of opposite politics, of general circulation therein, if there are such in the municipality."

It will be noticed that the provisions are mandatory. Therefore they must be strictly complied with in order to give the council jurisdiction to proceed in the construction of an electric light plant.

It appears by the record that the ordinances of said village and resolutions when published were published in but one newspaper, The Orrville Courier Crescent, and not in two newspapers, as required by these statutes. It does not appear what the politics of the Orrville Courier Crescent is, whether democrat or republican, or of some other political affiliation.

It is a well settled rule in Ohio that inferior tribunals must comply strictly with the statutes giving jurisdiction until such jurisdiction has been acquired. Perhaps there are many things that may be done after jurisdiction attaches that are not in

Electric & Gas Co. v. Orrville.

strict compliance with statutory provisions, but every statutory provision that relates to jurisdiction or the right of the corporation to act, must be strictly conformed to. There are but two methods of ordinance of a general nature and providing for improvements mentioned and provided for in the statutes.

They are by the provisions of Sec. 4229, by publication in two newspapers of opposite politics of general circulation in said municipality, if there are such, and if there are none such, and no newspaper published in said municipality the notice may be given by posting copies thereof at not less than five of the most public places in the corporation for a period of not less than fifteen days.

It may be contended that because this provision only applies to municipalities where no newspaper is published that, by implication, publication could be had in one newspaper where such paper was published in the municipality. We do not think that where the matter is jurisdictional anything of the kind can be implied, and that no other publication than one of the two methods mentioned is a compliance with the requirements of the statute.

This has been held by other courts in the state and was held by this court to be the law in an action before it, for the improvement of a public street in one of the villages of Muskingum county, Ohio.

For the two reasons mentioned the judgment will be rendered in favor of the plaintiff in each of said cases, Nos. 637 and 638. In case No. 638 the action was by the plaintiff as a taxpayer in which it asks to enjoin the expenditure of the moneys raised by the sale of bonds for the purpose of constructing an electric light plant in said village. This action is authorized by law to be brought by a taxpayer in certain cases. The averments of this petition bring the action within the statutory provision permitting such actions to be so brought. We think the testimony sustains the averment of the petition in this action and that the defendant should be enjoined from proceeding with the erection of such plant. It should be sustained on account of the invalidity of the proceedings of the

council, both in the passage and in the publication of the ordinances set out and described in the petition, and because the provisions of the statutes relating to the construction of such improvements had not been compiled with.

If motions for a new trial are filed in either or both of said cases they will be overruled. Exceptions may be noted, and each of said cases will be remanded to the court of common pleas for execution.

## CONTEMPT (SEPT. TERM 1914).

In case No. 638 an application was made that several of the defendants named should be cited to show cause why they should not be proceeded against for contempt of court in violation of the injunction allowed in the court of common pleas in that they proceeded in doing the things for which they were enjoined immediately after said injunction was dissolved in the court of common pleas, which was done upon the hearing of the case on its merits, and before the perfection of an appeal by the plaintiff in the court of appeals.

The statutes provide that an appeal may be perfected upon the dissolution of an injunction within ten days, and that the court dissolving said injunction may suspend its order of dissolution for ten days, to allow such appeal to be perfected. This, however, was not done in this case. The dissolution of the injunction was entered as the order of the court on May 21, 1914, and the appeal bond was filed on May 26, 1914. Between these two times certain contracts, that the village had entered into for the purpose of erecting an electric light plant, were changed and a large amount of money was paid or agreed to be paid in the construction of the said plant pursuant to such change in the contract. Some of these changes were made after the appeal bond had been filed in this court, thereby perfecting the appeal.

It is contended that the filing of an appeal bond did not renew the order of injunction that existed in the court of common pleas before the dissolution of such an order. This court

Electric & Gas Co. v. Orrville.

is of the opinion that the filing of an appeal bond and the perfecting of an appeal suspends the order of the court of common pleas dissolving the injunction and thereby leaves the same in full force.  This was held by the district court of Hamilton county in the case of *Caldwell* v. *High,* 6 Dec. Re. 1037 [9 Am. L. Rec. 692], and the judgment of that court was affirmed by the Supreme Court.  The statute exists in practically the same form as it existed when this decision was made, and we hold that from as it existed when this decision was made, and we hold that from and after the filing of the appeal bond the injunction allowed in the court of common pleas was in full force, and we find from the evidence that the different defendants charged with violating the order of injunction did violate the same.  And while they claim that such violation was upon the advice of their counsel, the city solicitor, we think that is not a defense, although it may be considered in mitigation of the actions of the defendants in violating said injunction.

It is the judgment of the court that the charges against the defendants named constituting the board of public affairs in said village, together with H. D. Shannon, one of the contractors of said village, are sustained, and that each of them should pay a fine of $25, together with an equal share of any costs made in such proceedings in contempt.

Motion for a new trial, if one is filed, will be overruled and exceptions may be noted.